NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESTER CANADA, | No. 19-15606 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-00601-MMD-WGC |
| v. | |
| GENE BEITLER, C.O.; JEFFREY HOWELL, C.O., | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| ISIDRO BACA, Warden; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Appellants appeal from the district court's order denying in part their motion

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for summary judgment on the basis of qualified immunity in Canada's 42 U.S.C. § 1983 action alleging a failure-to-protect claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Pauluk v. Savage*, 836 F.3d 1117, 1120 (9th Cir. 2016). We affirm in part and dismiss in part.

We lack jurisdiction to consider appellants' arguments challenging the district court's factual conclusions regarding their subjective awareness of a risk of harm to Canada. *See Knox v. Sw. Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) ("[W]e do not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts."). Accordingly, we dismiss this portion of the appeal.

The only reviewable issue in this appeal is the purely legal question of "whether or not certain given facts showed a violation of clearly established law." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (citation and internal quotation marks omitted). As to this issue, the district court properly concluded that appellants were not entitled to qualified immunity on Canada's failure-to-protect claim. Viewing the facts in the light most favorable to Canada, as we are required to do, Canada was among a group of inmates targeted for assault and robbery by other inmates; Canada asked appellants to move him because plaintiff was being targeted; appellants did not move plaintiff or otherwise respond to Canada's request; and appellants left an overcrowded prison floor unattended,

during which time Canada was assaulted.

As of 2016, the law was clearly established that appellants' actions would violate Canada's Eighth Amendment rights. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741 (2011) (for purposes of qualified immunity, "[a] government official's conduct violates clearly established law when, at the time of the challenged conduct, [t]he contours of [a] right [are] sufficiently clear that every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks omitted)); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (a prison official is deliberately indifferent in violation of the Eighth Amendment if the official knew of and disregarded a substantial risk of serious harm to the inmate); *see also, e.g.*, *Robinson v. Prunty*, 249 F.3d 862, 867 (9th Cir. 2001) (prison guards were not entitled to qualified immunity where the prisoner alleged that prison guards were aware that "placing inmates of different races in the yard at the same time present[ed] a serious risk of violent outbreaks," made jokes of this effect to plaintiff, and then failed to intervene when plaintiff was attacked by another inmate).

**AFFIRMED in part, DISMISSED in part.**